Inter-Ocean Casualty Company *v.* Huddleston.

Opinion delivered January 18, 1932.

*A. R. Cooper,* for appellant.

*R. W. Wilson,* for appellee.

HUMPHREYS, J. The judgment appealed from in this case was obtained in the circuit court of Jefferson County under sections G and H in a health insurance policy executed by appellant on February 9, 1930, to appellee pursuant to her application, which sections are as follows:

"Section G — Monthly Sickness Benefits.—If the insured is totally disabled, necessarily and continuously confined in the home and therein treated by a doctor (sat-·isfactory to the company) at least once each seven days, due to disease or illness that originates more than thirty (30) days after this policy is issued, or more than thirty (30) days from date of any reinstatement, benefits will be paid at the rate of $75 per month or $2.50 per day.

"Section H — Non-confining Sickness. — If immediately following total disability and house confinement, as defined in section G, and for the period of time during which the insured shall be totally disabled from performing his or her duties, although not confined in the house, but receiving regular treatments from the physician at his office at least once each seven days, benefits shall be paid at one-half the amount provided in section G hereof for a period of time not exceeding three consecutive months."

It was alleged in the complaint that appellee was sick, confined to her bed, and obliged to have the services of a physician between July 6 and September 9, 1930, and entitled under section G, on account of said illness to $160; between September 9 and December 9, 1930, was sick, totally disabled, and received regular treatment from a physician at least once a week and entitled, under section H, to $100; that, by reason of appellant's fail-

ure to pay said sums, she was entitled to a 12 per cent. statutory penalty and a reasonable attorney's fee.

In addition to denying the material allegations of the complaint, appellant pleaded in bar of a recovery that in appellee's application she made the following false warranty:

"I am free from all injury. I am not subject to, do not now have, nor have I ever had, fits of any kind, vertigo, hernia, paresis, or rheumatism, nor any other disease or infirmity, mental, physical, nervous, venereal, chronic or inherited, except as follows: No exceptions.

"I have not been disabled nor had medical treatment during the past three years except as follows: No exceptions.

"I understand and agree that I have made the above statements as material representations to induce the issuance of the policy applied for, and I hereby represent them all to be true, full, and complete."

Upon the trial of the cause, the court sitting as a jury, the following findings were made:

"The statements in the application for said insurance were mere representations and not warranties. They were not made by plaintiff knowingly and wilfully, and with the intent to defraud, and further finds that said representations were not of such a nature as to affect the health of the applicant in 1930, nor was the illness in 1929 in any way dependent on, or connected with any illness in 1930, and that said statements, if false, were not material and not a defense to plaintiff's right to recover herein."

Based upon the finding, judgment was rendered for the full amount claimed under the terms of the policy and an additional amount for the statutory penalty of $30 and an attorney's fee of $50, from which is this appeal.

The main contention of appellant for a reversal of the judgment is that the excerpts quoted above from the policy constituted a warranty. Under the rules reiterated and reannounced in the recent case of *Modern Woodmen of America* v. *Whitaker,* 173 Ark. 935, 293 S. W. 1045,

that govern and distinguish between warranties and mere representations in insurance policies, the language used in the instant policy is clearly a representation only. The language itself is not sufficiently specific to constitute a warranty. A representation merely, though untrue, will not invalidate a contract of insurance unless material. It is insisted that because appellee admitted, and her physician testified, that she was treated for malaria in 1929, or within three years from the date of the policy, the representation was material and necessarily avoided the contract. This is not true because appellee's physician testified that she was cured of the disease and discharged by him in 1929, and that the malaria for which she was treated in 1930, after the issuance of the policy, was not a continuation of the malaria she had in 1929, but was the result of a new infection. There was no relation whatever between the two attacks of malaria, but they were due to separate bites of mosquitoes, so the first was not material to the second.

Appellant also contends for a reversal of the judgment because appellee's illness was chronic within the meaning of her representation. The word "chronic" used in the representation carried the meaning of a disease of long standing. The evidence failed to show that the diseases for which she had been treated were of long standing, so there is no merit in this contention.

Appellant also contends for a reduction of the judgment because appellee was not treated by a physician at least once a week, either in his office or at her home, after September 9, 1930. The testimony shows that after that date she went to her father's home in New Edinburg at the instance of her physician, and that she was thereafter treated by him, either at his office or through the mail, at New Edinburg once a week until December 9, 1930. Treatment by sending medicine or prescriptions through the mail constitute regular treatment by a physician within the meaning of section H of the policy.

No error appearing, the judgment is affirmed.