Ross DOPSON *v.* METROPOLITAN LIFE INSURANCE COMPANY

5-4535 426 S. W. 2d 410

Opinion delivered April 15, 1968

*Ben D. Lindsey,* for appellant.

*Mahony & Yocum,* for appellee.

CONLEY BYRD, Justice. Appellant Ross Dopson instituted this action in chancery court for specific performance of a rider giving coverage to his wife, Aurelle Dopson, under a group hospitalization policy issued by appellee Metropolitan Life Insurance Company. From a

decree denying relief to appellant and awarding relief upon a cross-complaint to appellee, appellant relies upon the following points for reversal:

I. THE FINDING OF THE COURT THAT AP-PELLANT HAD FAILED TO DISCLOSE THE HISTORY OF HIS WIFE'S PRIOR BACK TROUBLE IN THE APPLICATION IS NOT SUPPORTED BY A PREPONDERANCE OF THE COMPETENT EVIDENCE.

II. THE FINDING OF THE COURT THAT APPEL-LANT'S FAILURE TO DISCLOSE HIS WIFE'S PRIOR BACK TROUBLE IN THE APPLICA-TION WAS MATERIAL TO THE RISK IS NOT SUPPORTED BY A PREPONDERANCE OF THE COMPETENT EVIDENCE.

The record shows that Ross Dopson had known his present wife for approximately six months before their marriage in December 1964. He and his children by his first wife already had coverage under the group policy and previous riders. The application for the rider to cover his wife, Aurelle, and her three children was made on June 8, 1965, at Dopson's home. Appellee's agent, Burton R. Mullins, Jr., prepared the application signed by Dopson. In obtaining the information necessary for the preparation, Mr. Mullins directed his questions to Mrs. Dopson rather than to Mr. Dopson.

There is a dispute between the Dopsons' testimony and that of Mullins about whether Mrs. Dopson told Mullins about her back trouble in May 1964. Mr. and Mrs. Dopson testified that she did. Mullins testified that she did not. It is uncontradicted that she entered the hospital with a back problem in May 1964, at which time her doctor ran a myelogram. The chancellor found the issues in favor of appellee and we can not say that his finding is contrary to a preponderance of the evidence.

Appellant argues, however, that Dopson himself made no representation because the undisputed proof shows that he had no knowledge of Mrs. Dopson's back trouble. While it is true that Dopson is the only party to the lawsuit and that he was honest insofar as his personal knowledge was concerned, we hold that his lack of knowledge does not prevent appellee's defense under Ark. Stat. Ann. § 66-3208 (Repl. 1966), which provides in part:

> *"Representations in applications.*—(1) All statements in any application for a life or disability insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, *omissions,* concealment of facts, and *incorrect statements* shall not prevent a recovery under the policy or contract unless either:
>
> (a)   Fraudulent; or
>
> (b)   Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
>
> (c)   The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract in as large an amount or at the same premium or rate, or *would not have provided coverage with respect to the hazard resulting in the loss,* if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise. . . [Acts 1959, No. 148, § 275, p. 418.]'' (Emphasis supplied.)

Upon the second issue appellant relies on *Inter-Ocean Casualty Co.* v. *Huddleston,* 184 Ark. 1129, 45 S. W. 2d 24 (1932). There we held that a misrepresentation would not void liability under a policy unless the failure to disclose was material to the risk involved. Un-

der § 66-3208, *supra,* our holding in the *Huddleston* case has been modified to the extent that a recovery will be denied where the "omissions" or "incorrect statements" are such that the company would not have provided coverage with respect to the hazard resulting in the loss had it known the true facts.

As part of the foregoing, appellant argues that there is no competent evidence to prove a connection between the back trouble of 1964 and the injury of 1965. Appellee points out that in an affidavit one E. R. Ryan referred to Mrs. Dopson's past medical history and definitely stated that, had the May 1964 back trouble information been available to the Metropolitan Life Insurance Company, it would not have issued the rider without an exclusion relative to Mrs. Dopson's back. E. R. Ryan's affidavit was put in the record under the following stipulation:

"MR. YOCUM: May it please the Court, I have an affidavit here by Mr. E. R. Ryan, who is the Assistant Supervisor of the Underwriting Section of Metropolitan Life Insurance Company and it's my understanding that with Mr. Lindsey, that we will stipulate that Mr. Ryan would testify as to the contents of this affidavit if he were here.

MR. LINDSEY: I will agree to that, Your Honor.

THE COURT: Let this be marked."

Under the stipulation we hold that the affidavit was competent evidence to show that Metropolitan Life Insurance Company would not have provided coverage of Mrs. Dopson's back had it been advised of the 1964 back trouble.

Affirmed.